IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, D.C. 20001

                *Plaintiff*,

  v.

U.S. DEPARTMENT OF STATE
2201 C Street NW
Washington, D.C. 20520

                *Defendant*.

Case No. 1:20-cv-03491

# COMPLAINT

     1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel production of an agency record requested by Plaintiff Institute for Constitutional Advocacy and Protection (ICAP) from Defendant U.S. Department of State (DOS).

     2.     At issue in this lawsuit is a single document—a memo submitted to the Assistant Secretary for Consular Affairs—that DOS has identified as part of the administrative record in a case in which ICAP is representing plaintiffs challenging an interim final rule promulgated by DOS.

     3.     Rather than comply with its obligations under FOIA to produce the document that ICAP has identified with particularity, DOS has stonewalled, improperly designating ICAP's request for "complex processing," and attempting in a procedurally deficient manner to obtain an extension to respond to the request by implausibly claiming that the memo might be located outside DOS or at a Foreign Service post.

4. ICAP brings this suit to challenge DOS's failure to timely process ICAP's request and to disclose the responsive record.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Because Defendant DOS has failed to comply with the FOIA statute's time-limit provisions, ICAP is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining DOS from continuing to withhold the requested record and ordering its production.

## PARTIES

8. Plaintiff Institute for Constitutional Advocacy and Protection is a nonprofit legal institute based at Georgetown University Law Center whose mission is to use the power of the courts to defend American constitutional rights and values. ICAP publishes press releases, opinion articles, and reports. ICAP is the requester of the record that Defendant DOS is withholding. ICAP will use any record produced by DOS to inform the public's understanding of the government's operations and activities, not for any commercial use.

9. Defendant Department of State is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C.

## FACTS

**I.     Background**

10. On June 5, 2019, Defendant DOS promulgated an interim final rule that adds a

new eligibility requirement for individuals to apply to the Diversity Visa Program. The Diversity Visa Program allows nationals of countries with low levels of immigration to the United States to enter a lottery for a chance to obtain permanent residency. Visas: Diversity Immigrants, 84 Fed. Reg. 25,989, 25,989 (June 5, 2019) (codified at 22 C.F.R. § 42.33) [the "Passport Rule"]. Under the Rule, which DOS adopted without providing an opportunity for public comment, Diversity Visa Program entrants must possess a passport before applying to the Program. *See id.*

11. On September 24, 2019, ICAP, along with co-counsel, filed a lawsuit challenging the Passport Rule as procedurally deficient under the Administrative Procedure Act (APA) on behalf of would-be applicants to the Diversity Visa Program and their relatives who live in the United States. Compl., *E.B. v. U.S. Department of State*, No. 1:19-cv-2856-TJK (D.D.C. Sept. 24, 2019), ECF No. 1.

12. In response to a motion for summary judgment filed by plaintiffs in *E.B.*, DOS filed on October 23, 2020, an index of the administrative record associated with the promulgation of the Passport Rule, as required by Local Rule 7(n). Defs.' Mem. Law Opp. Pls.' Mot. Summ. J. Ex. A, *E.B. v. U.S. Department of State*, No. 1:19-cv-2856-TJK (D.D.C. Oct. 23, 2020), ECF No. 42-1.

13. Besides the Passport Rule itself, the index identifies four documents as part of the administrative record. *Id.* Three of those documents are publicly available: (1) two prior rules associated with eligibility requirements for the Diversity Visa Program and (2) an opinion issued by the U.S. Court of Appeals for the Second Circuit concerning an exception to the APA's notice-and-comment requirements. *See id.* A fourth document identified in the index as "Action Memo for the Assistant Secretary of Consular Affairs" is not publicly available. *Id.*

14. Because DOS identified the Action Memo as part of the administrative record in *E.B.*, it concluded that the document is not amenable to the assertion of any privilege that would preclude its production in response to ICAP's FOIA request. *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) ("[P]rivileged and deliberative process documents need not be compiled or disclosed by the agency as part of the administrative record.").

15. Shortly after DOS's disclosure of the index of the administrative record in *E.B.*, ICAP contacted opposing counsel to request that DOS produce the Action Memo so that plaintiffs in the *E.B.* case could have access to the complete administrative record. Opposing counsel declined to produce the Action Memo, taking the position that DOS was not obligated to produce the administrative record unless the court denied a motion to dismiss pending before the court at that time. In response, ICAP noted that the Action Memo is subject to disclosure under FOIA and requested opposing counsel's help facilitating expedited processing of a FOIA request concerning the memo. Opposing counsel declined to provide such assistance.

## II. ICAP's FOIA Request

16. On October 29, 2020 (six days after DOS filed the index to the administrative record in *E.B.*), ICAP submitted a FOIA request to DOS seeking:

> The Action Memo submitted to the Assistant Secretary for Consular Affairs in connection with the drafting of Visas: Diversity Immigrants, 84 Fed. Reg. 25,989 (June 5, 2019) (codified at 22 C.F.R. § 42.33).

Ex. A. The request also provided the names and contact information for opposing counsel in *E.B.* so that DOS could easily obtain any additional information necessary to identify the responsive document. *Id.* ICAP requested a fee waiver. *Id.*

17. By an email dated November 2, 2020, DOS acknowledged receipt of this request

and assigned the request tracking number F-2021-00688.

18. DOS's acknowledgment email stated that ICAP's request had been "placed in the complex processing track."[1]  DOS designates requests for complex processing "based on the amount of work and/or time needed to process the request." 22 C.F.R. § 117.11(h).

19. DOS provided no explanation for why an atypical amount of work or time would be required to comply with ICAP's request for a single document, identified with particularity, that already had been located by DOS's attorneys as part of ongoing litigation.

20. DOS has not issued a determination in response to ICAP's request.

21. The FOIA statute requires agencies to issue a determination in response to a request within 20 business days.  52 U.S.C. § 552(a)(6)(A)(i).

22. November 30, 2020, marked the twentieth business day after ICAP submitted its FOIA request to DOS.

23. In "unusual circumstances" enumerated by the FOIA statute, an agency may obtain an extension by notifying the requester in writing of the unusual circumstances and specifying the date by which a determination will be made.  *Id.* § 552(a)(6)(B)(i).  If the agency claims that the unusual circumstances justify an extension greater than ten business days, it must provide the requester an opportunity to narrow the scope of the request.  *Id.* § 552(a)(6)(B)(ii).

24. DOS's email acknowledging receipt of ICAP's FOIA request stated that the request presented "unusual circumstances" that justified an extension.  Specifically, DOS said that the request would require it "to search for and collect requested records from other Department offices or Foreign Service post."

25. DOS provided no explanation as to why a memo submitted to the Assistant

---

[1] DOS's acknowledgement letter stated that it would render a determination on ICAP's request for a fee waiver at a later date.

Secretary of Consular Affairs, a DOS official whose office is located in Washington, D.C., would be located outside the Department or at a Foreign Service post.

26. DOS also failed to identify a date on which a determination could be expected, but invited ICAP to contact DOS's FOIA Public Liaison to discuss narrowing the scope of its request to facilitate more expeditious processing.[2]

27. Because DOS failed to specify a date by which it expected to issue a determination in response to ICAP's request, DOS did not secure an extension under 5 U.S.C. § 552(a)(6)(B). *Gatore v. U.S. Dep't of Homeland Sec.*, 177 F. Supp. 3d 46, 54 (D.D.C. 2016) (holding that an agency's "reliance on the 'unusual circumstances' provision [was] unavailing" because it "did not indicate when the agency expected to issue a determination").

28. DOS's failure to respond to ICAP's request constitutes constructive denial of its request. This denial is without legal justification.

## CLAIM FOR RELIEF

### Count 1
### Violation of FOIA, 5 U.S.C. § 552

29. Plaintiff ICAP repeats and incorporates by reference each of the allegations set forth in each of the foregoing paragraphs.

30. Plaintiff ICAP properly requested a record within the possession, custody, and control of Defendant DOS.

31. Defendant DOS is an agency subject to FOIA and therefore must make reasonable efforts to search for the requested record and provide Plaintiff ICAP access to the record.

---

[2] On November 5, Plaintiff ICAP sent an email to the DOS FOIA Public Liaison for the purpose of resolving the issues in this Complaint without needing to resort to litigation. The Public Liaison acknowledged receipt of the email, but as of the time of filing this complaint, has provided no substantive response nor had any further contact with Plaintiff ICAP.

32. Defendant DOS has failed to respond to ICAP's request within the statutory deadline.

33. Defendant DOS has wrongfully withheld a record responsive to Plaintiff ICAP's request.

34. Because of DOS's failure, Plaintiff ICAP's obligation to exhaust administrative remedies is satisfied.  5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ICAP respectfully requests that this Court:

1. Order Defendant DOS to promptly process Plaintiff's request and disclose the responsive agency record;

2. Enjoin Defendant DOS from designating Plaintiff's request for "complex processing" under 22 C.F.R. § 117.11(h);

3. Order Defendant to grant Plaintiff's request for a fee waiver;

4. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 1, 2020                Respectfully submitted,

                                                                        /s/ Seth Wayne
                                                                        Seth Wayne (D.C. Bar No. 888273445)
                                                                        Jonathan L. Backer (D.C. Bar No. 1613073)*
                                                                        Robert D. Friedman (D.C. Bar No. 1046738)
                                                                        Mary B. McCord (D.C. Bar No. 427563)
                                                                        INSTITUTE FOR CONSTITUTIONAL
                                                                        ADVOCACY AND PROTECTION
                                                                        Georgetown University Law Center

600 New Jersey Ave. NW
Washington, D.C. 20001

*Application for admission pro hac vice forthcoming.*

*Attorneys for Plaintiff*